HARTZ, Circuit Judge,
concurring:
I join the opinion of Judge Phillips, which correctly analyzes this case under current law. But this is another good example of the unnecessary complexities arising from our being tethered to the outdated McDonnell Douglas framework. Other than for employment-discrimination cases, our review of a summary judgment would be simply to determine whether there was sufficient admissible evidence to support each of the elements of the plaintiffs claim. We would not need to spend time on the artificial distinction between direct and indirect evidence or to worry about going through the progressive steps of a formalistic framework. That process adds nothing to the fairness, reliability, or predictability of our decisions. The McDonnell Douglas framework may have once served a purpose when employment-discrimination claims were decided in bench trials before judges whose sensitivity to discrimination was in question. Making judges go through those steps perhaps assisted deserving plaintiffs. Now, however, that framework hardly helps plaintiffs. Rather, it imposes artificial barriers in the way of meritorious suits. And even when the ultimate result is proper, the process unnecessarily consumes the time and effort of attorneys and judges alike. Everything that is useful in the framework— such as the enumeration of factors to consider in determining an employer’s mo *379 tive — could easily be incorporated into the process that we use to evaluate summary judgments in other areas of the law.